FILED
2023 Oct-25  AM 09:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| ERIC JAMAR INGRAM BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-CV-01241-LCB |
| | ) | |
| LISTERHILL CREDIT UNION., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION & ORDER**

On September 20, 2023, *pro se* plaintiff Eric Jamar Ingram Bey sued Listerhill Credit Union and Carla Harper. (Doc. 1). Ingram Bey also filed two motions to proceed *in forma pauperis*, triggering review under 28 U.S.C. § 1915(e)(2). (Docs. 2, 8). The Court finds that (1) Ingram Bey's claims are frivolous under § 1915(e)(2)(B)(i), (2) Ingram Bey has failed to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii) in Count II, and (3) this Court lacks subject matter jurisdiction over Ingram Bey's state law claims in Counts I and III.

As a result, the Court **GRANTS** Plaintiff's IFP application and **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

I.      **Background**

Ingram Bey is no stranger to questionable legal maneuvers. In 2021, for example, Ingram Bey sued the State of Alabama to "avoid paying property taxes under the Peace and Friendship Treaty between Morocco and the United States." *Bey v. Alabama*, 2021 WL 4553118, at *1 (N.D. Ala. 2021). That suit was dismissed with prejudice for failure to state a claim under § 1915(e)(2). *Id.*

This suit is no different. At the outset, Ingram Bey claims to be a "National of the United States of America, non-citizen of the United States, [and a] Native Alabamian Moor." (Doc. 1 at 1). He continues apace from there—the Complaint alleges deprivation of property without due process of law, breach of contract, and breach of fiduciary duties, all arising from the alleged mismanagement of the Eric Jamar Ingram Bey Living Trust, an entity that appears to exist solely as a shell corporation for Ingram Bey the individual. (*Id*. at 2-3).

Taking the allegations in the complaint as true, the Ingram Bey Living Trust loaned Ingram Bey the individual $65,000 (Doc. 1-1 at 4-6), secured by "legal title," "equitable title," a promissory note, a contract signed only by Ingram Bey, and a "bailor's letter patent." (*Id*. at 5, 7-10). Then, Ingram Bey assigned (or tried to assign) that promissory note to Listerhill Credit Union, with instructions to transfer $60,000 back to the trust and withhold $5,000 to indemnify him against all applicable taxes. (*Id*. at 11). The assignment also included a provision stating the

2

Defendants fully accept the assignment unless they return the "trust res" to Ingram Bey. (*Id*.). Ingram Bey then sent the assignment to Defendants via express mail. (Doc. 1 at 2). According to Ingram Bey, these actions spontaneously generated a binding contract and fiduciary relationship between the parties, duties Listerhill Credit Union and Carla Harper breached by failing to send him $60,000. (*Id.* at 2-3).

To remedy this alleged breach, Ingram Bey seeks $5,025,000 in damages, as laid out in the "Moorish National Republic of Peace" schedule of fees. (Doc. 1-1 at 14-19). Those damages include: $25,000 for "Deprivation,"; $250,000 for "Discrimination," and $1,000,000 each for "Failure to respond," "Dishonor in Commerce," and "Breach of Contract of the Moorish National Republic of Peace." (Doc. 1 at 3). Ingram Bey also seeks interest on those damages and an injunction compelling Defendant Carla Harper (Listerhill Credit Union's Chief Financial Officer) to return the "trust res," which Ingram Bey values at $65,000. (*Id.* at 3, Doc. 1-1 at 11).

## II.    Discussion

In response to a request for IFP status, a district court must assess whether the allegations in the plaintiff's complaint meet the pleading standards laid out in 28 U.S.C. § 1915(e)(2). *Martinez v. Kristi Kleaners, Inc*., 364 F.3d 1305, 1307 (11th Cir. 2004). The reviewing court must dismiss the suit if the factual allegations in the

complaint are "frivolous or malicious" or "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see also Martinez*, 364 F.3d at 1307. To be sure, courts must construe *pro se* pleadings liberally. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Even so, a court may not "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

### A.    Ingram Bey's claims are frivolous.

First, Ingram Bey's suit must be dismissed because it is frivolous. When screening a complaint, the IFP statute dictates that courts "shall dismiss" a suit "at any time if the court determines that the action or appeal is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). The contours of frivolity are well established—"A lawsuit is frivolous if its claims involve factual contentions that are fanciful, fantastic, irrational, and/or delusional." *Porter v. Governor of the State of Fla.*, 667 F. App'x 766, 767 (11th Cir. 2016) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). Thus, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33.

4

Such a finding is appropriate here. Even taking the factual allegations in Ingram Bey's Complaint as true, the "irrational" and "wholly incredible" nature of his allegations is unavoidable. *Id.* at 32, 33 (noting that "district courts, who are all too familiar with factually frivolous claims, are in the best position to determine which cases fall into this category."). Thus, it is apparent "from the face of the complaint that [Ingram Bey's] factual allegations are 'clearly baseless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam).

First, to the extent Ingram Bey contends that he is entitled to special rules or treatment "because [he] is a Moorish National, [he] does not cite any case from this Court, the United States Supreme Court, or [Alabama] courts supporting [his] argument, and we could find none." *Bey v. City of Tampa Code Enf't*, 607 F. App'x 892, 897 (11th Cir. 2015). To the contrary, "[t]he law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside." *Smith ex rel. Bey v. Kelly*, 2012 WL 1898944, at *2 (E.D.N.Y. 2012).

Second, as discussed below, there is "no connection between the factual allegations in his complaint and any of the necessary elements of those claims." *Emrit v. Sec'y, United States Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020) (affirming dismissal with prejudice). Because such suits "unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant

resources in their defense," Ingram Bey's claims must be dismissed. *Phillips v. Mashburn,* 746 F.2d 782, 784–85 (11th Cir. 1984).

**B.    Ingram Bey's constitutional claim does not satisfy the state action requirement.**

Ingram Bey's constitutional due process claim in Count II must be dismissed because it fails to state a viable claim. To be sure, the frivolity standard in subsection (i) of the IFP statute is distinct from the failure-to-state-a-claim standard in Federal Rule of Civil Procedure 12(b)(6). *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The subsection next door, however, uses the precise language of Rule 12(b)(6), which is why "[t]he standards governing dismissals under Rule 12(b)(6) apply to § 1915(e)(2)(B)(ii)." *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). Although Defendants have filed a motion to dismiss to this suit, (Doc. 8), the Court's first duty is to make the assessment required by 28 U.S.C. § 1915. Because the Court finds that the suit must be dismissed under that standard, it will not address the Defendants' motion. In any event, the Court's conclusion would not change on consideration of that motion because of the shared standard.

Under the failure-to-state-a-claim standard, factual allegations in the complaint generally "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (applying *Twombly* to a *pro se*

6

complaint). A complaint must provide "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Hunter v. Abi*, 2014 WL 495359, at *2 (M.D. Ala. 2014).

Taking all the factual allegations in the complaint as true, Ingram Bey's due process claim fails because his Complaint contains no allegation, let alone a plausible allegation, that either Listerhill Credit Union or Carla Harper are state actors. To successfully state a violation of procedural due process at this stage, a plaintiff must plausibly allege: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). As a result, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (citation omitted); *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes.").

Defendants Listerhill Credit Union and Carla Harper are both private parties. Ingram Bey has not alleged the Defendants acted pursuant to a governmental entity's coercive power, control, significant encouragement, joint activity, or delegation of a public function. *Brentwood Acad.*, 531 U.S. at 296; *See Cobb v. Georgia Power Co.,*

7

757 F.2d 1248, 1250-51 (11th Cir. 1985) (holding that compliance with state and federal regulations does not constitute joint participation with a governmental entity). Because Ingram Bey's procedural due process claim is missing an essential element, the claim fails. *See Stevens v. Plumbers & Pipefitters Loc. 219*, 812 F. App'x 815, 820 (11th Cir. 2020) (affirming § 1915 dismissal with prejudice where defendant "could not plausibly allege the defendants were state actors"); *Perdomo v. OSAH*, 805 F. App'x 1012, 1014 (11th Cir. 2020) (same).

### C. This Court lacks subject matter jurisdiction to decide Ingram Bey's state law claims.

In any event, dismissal would still be appropriate even if Ingram Bey's federal claim survived, because the survival of a federal claim would not require the Court to exercise supplemental jurisdiction over Ingram Bey's state law claims. 28 U.S.C. § 1367(c). Furthermore, because the parties do not satisfy the complete diversity requirements of 28 U.S.C. § 1332, the Court lacks subject matter jurisdiction over the breach of contract and fiduciary duty claims.

As an initial matter, there can be no dispute that breach of contract (Count I) and breach of fiduciary duty (Count III) are state law claims. *See, e.g., Resnick v. KrunchCash, LLC,* 34 F.4th 1028, 1033 (11th Cir. 2022) (acknowledging "state law claims of . . . breach of contract"); *Whitehead v. BBVA Compass Bank*, 979 F.3d 1327, 1331 n. 4 (11th Cir. 2020) (addressing "state law claims for . . . breach of

fiduciary duty"). That leaves only a question whether diversity exists between the parties.

This Court is "duty bound to consider [its] subject matter jurisdiction *sua sponte*." *Burr & Forman v. Blair*, 470 F.3d 1019, 1035 n.38 (11th Cir. 2006) (citing *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 409–11 (11th Cir. 1999)). Federal courts may exercise jurisdiction over state law claims under 28 U.S.C. § 1332 "where the matter in controversy exceeds the sum or value of $75,000" and the case arises between "citizens of different states." However, because all parties named in Ingram Bey's complaint reside in Alabama, diversity jurisdiction over his state law claims does not exist. *See, e.g.*, Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Federal diversity jurisdiction "requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hospital Authority of Randolph County,* 22 F.3d 1559, 1564 (11th Cir. 1994). For diversity purposes, "corporations are citizens in the states of their incorporation and their principal place of business." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 n.1 (11th Cir. 2004). A "corporation's principal place of business refers 'to the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . normally 'the place where the corporation maintains its headquarters.'"

*WM Mobile Bay Env't Ctr., Inc. v. City of Mobile*, 2022 WL 2784606, at *2 (11th Cir. July 15, 2022) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010)).

Defendant Listerhill Credit Union is a citizen of Alabama because it is a domestic, non-profit corporation formed in Colbert, County, Alabama, with its headquarters and corporate office at 4790 East Second Street, Muscle Shoals, AL 35661. *See Business Entity Records: Listerhill Credit Union*, Alabama Secretary of State, https://perma.cc/8LSP-N7GH. Based on Ingram Bey's representations, Defendant Carla Harper is also a citizen of Alabama, and currently resides in the Muscle Shoals, Alabama area. (Doc. 1 at 2). Because Ingram Bey likewise resides in Alabama, diversity jurisdiction does not exist, and the Court must dismiss the case for lack of subject matter jurisdiction.

\*   \*   \*

In closing, a word of caution: The Court's patience is not unlimited. This case is now at least the fifth of Ingram Bey's suits dismissed in this district alone on similar grounds. *See Bey v. United States*, 2022 WL 4088084, at *1 (N.D. Ala. 2022) (dismissing claims based on violations of the American Declaration on the Rights of Indigenous Peoples and the Peace and Friendship Treaty Between Empire of Morocco and United States); *Bey, Tr. of Eric Jamar Ingram Bey Living Tr. v. Franks*, 2021 WL 4593325, at *1, *2 (N.D. Ala. 2021) (contesting traffic citation for improper vehicle registration because the vehicle was "already registered . . . with

the Moorish National Republic of Peace"); *Bey v. Franks*, 2021 WL 5280943, at *2 (N.D. Ala. 2021) (same); *Bey v. Alabama*, 2021 WL 4553118, at *2 (N.D. Ala. 2021) (seeking to avoid property taxes on the same grounds). Litigants, including the Plaintiff here, should remember that IFP status is not "a broad highway into the federal courts," nor does it "create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citations omitted).

To that end, federal courts are "universally acknowledged" to have powers "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Among those broad powers is the ability to impose sanctions on litigants who abuse the judicial process, including dismissal, payment of attorneys' fees, monetary sanctions, or limitations on the ability to file future suits in this Court without pre-approval. *See* 28 U.S.C. § 1651; Fed. R. Civ. P. 11.

This Court has used those powers in the past and will not hesitate to do so again. *See, e.g.*, *O'Neal v. Allstate Indem. Ins. Co., Inc.*, 505 F. Supp. 3d 1193, 1207 (N.D. Ala. 2020), *aff'd*, 2021 WL 4852222 (11th Cir. 2021) (imposing an anti-filing injunction and $6,500 in monetary sanctions).

## III.    Conclusion

For all these reasons, the court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE** for frivolousness, failure to state a claim, and lack of subject matter jurisdiction.

**DONE** and **ORDERED** this October 25, 2023.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE